IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARNIE HELM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-499-D |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Goodwin recommends the affirmance of a decision of the Social Security Administration denying Plaintiff's application for disability insurance and supplemental security income benefits. Plaintiff has filed a timely written objection, to which Defendant has responded. The Court must make a *de novo* determination of any portion of the magistrate judge's report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In this appeal under 42 U.S.C. § 405(g), Plaintiff challenges the decision of an administrative law judge (ALJ) finding no severe impairment or combination of impairments at step two of the five-step sequential analysis for disability claims. Specifically, the ALJ

found Plaintiff had a medically determinable impairment of degenerative disc disease, but the impairment had not significantly limited (and was not expected to significantly limit) Plaintiff's ability to perform basic work-related activities for 12 consecutive months. (R. 15.) In reaching the latter conclusion, the ALJ found that Plaintiff's subjective complaints could reasonably be expected to result from her medically determinable impairment, but Plaintiff's testimony regarding the extent of her limitations was not fully credible and was not consistent with the medical evidence and opinions. (R. 15-16.)

Plaintiff bases her appeal on two contentions argued in her appellate brief:[1] 1) the ALJ's step-two finding is not supported by substantial evidence in light of the "*de minimis*" standard of proof for a severe impairment, citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987);[2] and 2) the ALJ failed to satisfy his responsibility to develop the medical record regarding Plaintiff's alleged impairments by failing to order a consultative examination, particularly regarding a possible right-wrist impairment due to carpal tunnel syndrome. Judge Goodwin carefully considers and rejects these contentions. He concludes the administrative record adequately supports the ALJ's step-two decision because Plaintiff failed to show her degenerative disc disease significantly limited her ability to perform basic work activities, and Plaintiff's claim of legal error lacks merit.

---

[1] Plaintiff filed only an opening brief.

[2] In summarizing Plaintiff's argument, the Court has corrected both spelling and citation errors. *See* Pl.'s Opening Br. [Doc. No. 10], pp.8-9; Pl.'s Obj. [Doc. No. 18], p.3.

In the Objection, Plaintiff first challenges Judge Goodwin's conclusion that the ALJ's finding of no severe impairment is supported by substantial evidence. She argues "the record clearly documents functional limitations," and cites as examples reports of examinations by Michael Martin, M.D. and Deanna Meyer, APRN-CNP. *See* Pl.'s Obj. [Doc. No. 18], pp.2-3.[3] Plaintiff accepts Judge Goodwin's finding that these medical sources were not "treating physicians" as defined by applicable regulations.[4] Plaintiff contends, however, they "were most certainly 'examining physicians'" whose opinions "should be given more weight [than] state agency doctors who have not examined the claimant." *Id*. p.3. Plaintiff also challenges Judge Goodwin's finding that the ALJ did not err in failing to order a consultative examination. On this point, Plaintiff simply disagrees with Judge Goodwin's conclusion that the circumstances requiring a consultative examination were not present. She contends "it should be found that the medical evidence in the record is inconclusive or that it was insufficient to allow the ALJ to make a determination or decision on the claim." *Id*. p.4.

Upon independent review of the record and *de novo* consideration of the issues raised, the Court fully concurs in Judge Goodwin's findings and conclusions. At step two, a claimant must make a threshold showing of an impairment that significantly limits his or her

---

[3] Plaintiff includes one reference to a note made by Jodi Dodson, APRN-CNP (although Plaintiff attributes it to Meyer) that her examination showed "shotty cervical adenopathy." *See id*. p.2 (citing R. 201). This note concerns Plaintiff's thyroid and has no apparent connection to her spinal condition. Plaintiff also misstates the record in other respects that are not relevant here.

[4] The court of appeals has adopted a "firm waiver" rule that requires a timely and specific objection to preserve an issue for *de novo* review by the district court. *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Therefore, further review of this issue is waived. *See id.*, *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

3

ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). While the court of appeals has described the requisite showing as "de minimis," the court has explained that "the claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *see Williamson*, 350 F.3d at 1100. "In determining whether a sever impairment exists, the Commissioner considers the 'effect' of the impairment." *Williamson*, 350 F.3d at 1100. The claimant must show a determinable impairment of sufficient severity to have "more than a minimal effect on his ability to do basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988); *see* 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including, as pertinent here, "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *See* 20 C.F.R. §§ 404.1521(b)(1), 416.921(b)(1).

Plaintiff points to medical records showing that a nurse practitioner and a physician examined and diagnosed her back condition. The nurse practitioner diagnosed Plaintiff with back pain, prescribed pain medication, and made a referral to Dr. Martin. Dr. Martin diagnosed Plaintiff with degenerative disc disease and ordered physical therapy. Aside from noting Plaintiff's complaint of pain, neither provided any opinion or insight into Plaintiff's physical limitations.[5] The only evidence suggesting a severe impairment consisted of

---

[5] As noted by Judge Goodwin, Nurse Meyer once instructed Plaintiff to "avoid heavy lifting." (R. 203.) This was on Plaintiff's initial visit in November 2011 before an "xray to check for fractures." *Id*.

Plaintiff's testimony reporting pain so severe she could not "sit or stand for very long." (R. 27-28.) The ALJ fully considered this testimony, conducted a credibility assessment, and explained why he found Plaintiff's statements regarding the limiting effect of her pain to be "not entirely credible." (R. 16.) This credibility assessment stands unchallenged by Plaintiff in this appeal.

Regarding a consultative examination, Plaintiff agrees that Judge Goodwin correctly states the circumstances where an examination may be needed, including "where there is a direct conflict in the medical evidence" or "where the medical evidence in the record is inconclusive." *See Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). She expresses general disagreement with Judge Goodwin's conclusion that no such circumstance was present in her case. However, Plaintiff points to no particular inconsistency or insufficiency in the evidence of record that prohibited a determination of her claim. *See* Pl.'s Obj. [Doc. No. 18], p.4. Upon consideration, the Court finds that Plaintiff has failed to demonstrate the ALJ was required to order a consultative examination and his failure to do so constituted reversible error.

For these reasons, and the reasons ably explained by Judge Goodwin, the Court finds the ALJ's decision is supported by substantial evidence and consistent with applicable legal standards.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 29th day of September, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE